HUGHES, J.,
dissenting in part.
hi respectfully dissent as to the failure of the Commissioner of Conservation, and this court, to enforce the spacing provisions of La. Admin. Code Title 43, part XIX, Subpart 7, Chapter 19, section 1905 et seq.
I am greatly concerned about the spacing exemption given to Radius. 80% of the proposed unit is commercial forest land owned by Six C. Certain areas involved with well drilling cannot be reforested and other areas are at a greatly increased risk of erosion. Given the serious issues that the Radius project is not, and may not become, economically feasible and the inability thus far to guard against or pay for damages inflicted on the forest lands of Six C, it would seem that the spacing requirements should be strictly enforced rather than exempted, and I respectfully submit that the Commissioner was arbitrary and abused his discretion in this regard.
The uncontradicted testimony of forestry expert Stephen Gleason establishes for the record that Six C has an investment of over $60 million with over 4,000 acres in *616 the proposed unit. Surface lands taken for well sites, roads, and pipelines cannot be reforested, resulting in a loss. There is already considerable erosion occurring and Radius has failed to vegetate as promised. As put by Mr. Gleason, “in that part of the world, erosion is, you know — if you don’t have something growing on it, its going to leave there.”
Mr. Gleason also pointed out that forestry operations are based on scale, and the more “chopped up” the forest becomes, the greater the difficulty to operate and necessarily the less profitable. Mr. Gleason testified that the failure to enforce normal spacing requirements would be “devastating” to Six C.
The spacing requirements were adopted for a purpose. In this case they beg for enforcement, not exemption. Landowners beware.